```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

FEDERAL TRADE COMMISSION         *

            Plaintiff             *

         vs.                      *   CIVIL ACTION NO. MJG-11-1483

LOMA INTERNATIONAL                *
BUSINESS GROUP INC., et al.
                                  *
            Defendants
*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER RE: SUMMARY JUDGMENT

The Court has before it Plaintiff Federal Trade Commission's Motion For Summary Judgment [Document 135], Plaintiff Federal Trade Commission's Motion for Leave To Exceed Page Limitations [Document 133] and the materials submitted relating thereto.  The Court finds that neither a response nor a hearing is necessary.

By the Procedural Order [Document 115] issued February 24,[1] the Court scheduled the trial of the FTC claims against all Defendants other than Marco Alban to commence May 7, with the parties to exchange witness lists and exhibits on April 20.  A criminal trial[2] commencing April 30 and proceeding through May 7 will require a deferral of the start of trial to May 8.

On April 19, a day prior to the date for exchanges of witness lists and exhibits and twelve business days prior to the trial date,

---

[1] All date references are to the year 2012.
[2] Presenting issues of more than routine complexity.

the FTC filed a Motion for Summary Judgment against all Defendants.[3] The motion is supported by a memorandum that exceeds by 10% the Court's 50-page limitation together with exhibits that contain almost 2,000 pages. The docket reflects the due date for response to the summary judgment motion to be May 7 although, since service was made by ECF on April 18, the normal due date for a response would be May 2 with a reply due May 16. However, inasmuch as the FTC seeks to file a memorandum that exceeds the normal page limitation and has filed nearly 2,000 pages of exhibits, the Defendants are, unquestionably, entitled to a reasonable extension of the May 2 due date.

In any event, even if the Court were to require Defendants' counsel, although necessarily preparing for a May 8 trial, to file a response to the 56-page memorandum and 2,000 pages of exhibits by May 2, and even if the FTC filed its reply on May 3, within 24 hours of the Defendants' response, it is completely unreasonable to expect the judge – while conducting a criminal trial of more than routine complexity from April 30 through May 7 - to read and consider all of the briefing, to conduct any necessary motion hearing and to provide a carefully considered resolution of the motion before the May 8 commencement of trial.

---

[3] There is a pending Motion for Summary Judgment filed by Defendant Marco Alban to which Plaintiff has not yet responded.

Certainly, much of the memorandum submitted in support of the Motion for Summary Judgment can serve a useful function as a pretrial brief for Plaintiff.  Moreover, it is reasonable to accept the memorandum as such while affording Defendants the opportunity, but not the obligation, to file a response pretrial brief.  Moreover, much of the documentary evidence submitted in support of the motion appears – absent a bona fide genuineness objection – to be admissible at trial[4] without a need for formal foundation evidence.

In view of the filing of the summary judgment motion too late for there to be an adequate opportunity for response and resolution prior to the scheduled trial:

1. Plaintiff Federal Trade Commission's Motion for Leave To Exceed Page Limitations [Document 133] is GRANTED.

2. Plaintiff Federal Trade Commission's Motion For Summary Judgment [Document 135] is DENIED without prejudice to Plaintiff's ability to file a cross motion for summary judgment against Defendant Marco Alban.

3. The Court shall consider the pertinent portions of the Memorandum of Points and Authorities [Document 135-1] to be a pretrial memorandum in regard to the trial of claims against all Defendants other than Marco Alban to which the Defendants may, but need not, file a responsive pretrial memorandum.

---

4 Subject, of course, to any other evidentiary objections.

    4.    Defendants shall, by April 27, file a document identifying any document presented by Plaintiff in support of the motion as to which they raise an objection as to genuineness and the basis for any such objection.

SO ORDERED, on Thursday, April 19, 2012.

                                        /s/
                            Marvin J. Garbis
                   United States District Judge