```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

FEDERAL TRADE COMMISSION        *

          Plaintiff             *

          vs.                   *   CIVIL ACTION NO. MJG-11-1483

LOMA INTERNATIONAL              *
BUSINESS GROUP INC., et al.
                                *
          Defendants
*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: PRE-ADMIT EVIDENCE

The Court has before it Plaintiff Federal Trade Commission's Motion In Limine to Pre-Admit Evidence at Trial [Document 142] and the materials submitted relating thereto.  The Court finds that neither a response nor a hearing is necessary at this time. However, it will afford Defendants the opportunity, prior to trial, to state an objection to the admissibility of any evidence referred to herein and may reconsider its ruling herein in light of circumstances at trial.

Plaintiff seeks to have the Court declare that approximately 122 identified exhibits are admissible at trial.  The defense has raised no question as to the genuineness of these exhibits.  The Court will address these exhibits in categories by reference to Plaintiff's Memorandum.[1]

---

[1] Plaintiff Federal Trade Commission's Memorandum in Support of Its Motion In Limine to Pre-Admit Evidence at Trial [Document 142-1]

Memorandum § III. C.

The 16 categories herein are admitted into evidence except as follows:

> 13. Defendant Marco Alban's out of court statements have not been shown to constitute statements of the Defendants on trial.
>
> 15. The referenced correspondence needs to be reviewed to determine admissibility.
>
> 17. The "layout" is not obviously admissible as a business record but would be admissible if a witness verifies it.

Memorandum § IV

The out of court declarations and deposition testimony are not admissible unless and until the Court makes appropriate findings at trial. Plaintiff cannot assume that these will be admitted and should be prepared to present a reasonable amount of live testimony, subject to cross examination, as to the substantive allegations in the proffered out of court statements.

Memorandum § V

The Government documents described are admissible as genuine Government documents. It appears that much of the content of these documents is not genuinely in dispute. However, the contents are subject to appropriate hearsay objections that will be considered at trial.

Memorandum § VI

Defendants' licensure is a critical – although probably not disputed - matter.  If there is no genuine issue as to the accuracy of these declarations, the Court will take the substance of the declarations as stipulated.  If, after appropriate inquiry of the Defendants, the Court finds that there is a genuine issue presented, the Court will consider any defense position regarding admissibility.  In the event the Court concludes that the declarants must testify, the Plaintiff will be given the opportunity to present such testimony at a mutually convenient time.

Memorandum § VII

It appears that the Monitor will be a witness at trial.  If this is the case the reports are admissible subject to the monitor's testimony verifying the exhibits.  If the monitor will not testify, the Court will consider, at trial, any objections that may be made to admissibility.

Accordingly, Plaintiff Federal Trade Commission's Motion In Limine to Pre-Admit Evidence at Trial [Document 142] is GRANTED IN PART as set forth herein.

SO ORDERED, on Friday, May 04, 2012.

/s/
Marvin J. Garbis
United States District Judge