```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

FEDERAL TRADE COMMISSION       *

          Plaintiff            *

     vs.                       *   CIVIL ACTION NO. MJG-11-1483

LOMA INTERNATIONAL             *
BUSINESS GROUP INC., et al.
                               *
          Defendants
*    *    *    *    *    *    *    *    *
```

MEMORANDUM AND ORDER RE: SUMMARY JUDGMENT (MARCO ALBAN)

The Court has before it Defendant Marco V. Alban's Motion for Summary Judgment [Document 125], Plaintiff Federal Trade Commission's Cross-Motion for Summary Judgment Against Defendant Marco V. Alban [Document 159], and the materials submitted relating thereto. The Court has held a hearing and has had the benefit of the arguments of counsel.

I.   BACKGROUND

As discussed more fully in the Memorandum of Decision,[1] issued herewith, from 2001 to 2011, Defendants Manuel Alban ("Mr. Alban") and Lola Alban ("Mrs. Alban") (collectively "the Albans") operated a business offering immigration-related services to Spanish-speaking customers. In the Memorandum of Decision, the Court held that the Albans and a corporate

---
[1] Relating to Defendants other than Marco Alban.

Defendant, Loma International Business Group Inc. ("Loma"), violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), by expressly and impliedly misrepresenting to consumers that they were authorized immigration service providers, although they were not. As discussed herein, Defendant Marco Alban ("Marco"), the Albans' son, performed certain acts during the course of the operation that, the FTC contends, renders him liable for violating the said statute as well.[2]

By the instant cross-motions, Marco and the FTC each seek summary judgment with regard to the claims against Marco.

II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement: The

---

[2] The FTC filed the instant suit against the Albans and two corporations on June 1, 2011. On October 28, 2011, the FTC filed the Amended Complaint [Document 75], asserting claims against Marco Alban.

Court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

"Cross motions for summary judgment 'do not automatically empower the court to dispense with the determination whether questions of material fact exist.'" Equal Rights Center v. Archstone Smith Trust, 603 F. Supp. 2d 814, 820 (D. Md. 2009) (quoting Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt, 700 F.2d 341, 349 (7th Cir. 1983)). Rather, the court must examine each party's motion separately and determine whether summary judgment is appropriate as to each under the Rule 56 standard. Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011). The court may grant summary judgment in favor of one party, deny both motions, or grant in part and deny in part each of the parties' motions. See Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003).

III.  DISCUSSION

   A.  Background

In early 2001, the Albans, using the business name "Loma, Inc."[3] began to offer assistance with completing and filing Temporary Protection Status forms and associated work authorization and other immigration forms.  Neither the Albans nor Loma ever obtained required legal authority to provide immigration services.  Their son, Marco, assisted his parents to a degree in the course of the Loma business operation through about 2006.

In the course of the Loma business operations, the Albans would provide customers having no checking account the use of a bank account in the name of Servicios LatinoAmericanos De Maryland, Inc.[4] ("Servicios"), a name used by Mr. Alban for a separate business.  A Servicios check was then issued to the Government to pay the customer's filing fees.  Marco became a signatory on the Servicios checking account and, on occasion, signed checks in the course of the Loma business.

During the first few years of the Loma operation, Marco helped his parents during busy periods by entering information into immigration forms, and he signed the forms as the preparer

---

[3]  Loma, Inc. was never incorporated.  However, in 2007, a corporation was formed named "Loma International Business Group, Inc." that did business under the Loma name.
[4]  The company was not incorporated until 2007.

4

on behalf of Loma.  Marco also helped with translation of documents, such as birth certificates, in connection with immigration applications.

In 2004, Marco began his own business, World Class Packaging, Inc. ("WCP"), a distributor of shipping materials. Marco used one of the rooms in Loma's office as an office for WCP.  Marco also had warehouse space and worked from his home. While not regularly in the Loma offices, Marco used the Loma office address as the WCP official business address.

After starting WCP, Marco continued to help his parents by completing immigration forms when he was in the office and saw that there were a number of people waiting.  However, at some point, in or about 2006, Marco was fully occupied with WCP and no longer assisted with the Loma business.

B. <u>Section 5 Violation</u>

To establish liability under section 5 of the FTC Act, the FTC must establish that:

(1) there was a representation, omission, or practice;
(2) that was likely to mislead customers acting reasonably under the circumstances; and
(3) the representation, omission, or practice was material.

<u>FTC v. Tashman</u>, 318 F.3d 1273, 1277 (11th Cir. 2003); <u>FTC v. Gill</u>, 265 F.3d 944, 950 (9th Cir. 2001).

1.  <u>Representations</u>

The FTC must prove that a defendant made some representation, whether implied or express. <u>FTC v. Patriot Alcohol Testers, Inc.</u>, 798 F. Supp. 851, 855 (D. Mass. 1992); <u>see also</u> <u>FTC v. Figgie Int'l, Inc.</u>, 994 F.2d 595, 604 (9th Cir. 1993) (noting that the difference between implied and express representations is "a distinction without a difference").

The evidence establishes that Marco prepared and signed, as preparer for Loma, immigration applications at various times until 2006. The evidence also establishes that Marco accepted payments, signed receipts, and signed checks made out to USCIS for immigration fees.

Marco avers that he was merely providing voluntary clerical assistance to his parents, and did not provide advice, or hold himself out as an immigration consultant, or make any misrepresentations to the public. Certainly, there is no evidence of Marco's soliciting immigration consulting business for Loma or himself, asking for or being the subject of word-of-mouth referrals, or making express representations that either he or Loma was a provider of immigration services.

Marco contends that his actions when completing immigration forms did not serve as an implied representation that he was an authorized immigration services provider and did not constitute

preparation[5] as defined at 8 C.F.R. § 1.2.  Since Marco's particular actions were not "coupled with the giving of advice," he argues that he did not provide immigration services.

The Court, however, finds that Marco's preparation of immigration forms, and signing them as preparer, constitutes a representation that he and/or Loma was legally authorized to prepare and file the forms.

While there are issues as to the extent and duration of Marco's activities, a reasonable fact-finder could not fail to find that Marco made at least one representation subject to § 5 of the FTC Act.

### 2. Misleading

The Court must consider whether a representation is likely to mislead a reasonable consumer by viewing the representation

---

[5]  "Preparation" is defined as follows:
> Preparation, constituting practice, means the study of the facts of a case and the applicable laws, coupled with the giving of advice and auxiliary activities, including the incidental preparation of papers, but does not include the lawful functions of a notary public or service consisting solely of assistance in the completion of blank spaces on printed DHS forms, by one whose remuneration, if any, is nominal and who does not hold himself or herself out as qualified in legal matters or in immigration and naturalization procedure.

8 C.F.R. § 1.2

as a whole and focusing on the impression created, not its literal truth or falsity. Patriot, 798 F. Supp. at 855. "In evaluating a tendency or capacity to deceive, it is appropriate to look not at the most sophisticated, but the least sophisticated consumer." FTC v. Five-Star Auto Club, Inc., 97 F. Supp. 2d 502, 532 (S.D.N.Y. 2000).

The Court finds that, in context, Marco's signing immigration forms as preparer would mislead a reasonable consumer into believing that they were receiving services that Loma and Marco were legally authorized to provide.

### 3. Materiality

A material representation is one that involves information that is important to consumers such that it is likely to affect their decisions or actions. Patriot, 798 F. Supp. at 855; FTC v. Cyberspace.Com LLC, 453 F.3d 1196, 1201 (9th Cir. 2006).

The Court finds that the misleading representations – that Marco and Loma were legally authorized to provide the services rendered – were material. Information that the services being provided were not being performed by persons legally authorized to do so is information that is important to consumers. It is highly likely that any reasonable customer would find it

important and relevant to their choice to proceed with the services being provided.

### 4. Liability Conclusion

The Court finds that there is no genuine issue of material fact with regard to each of the elements necessary to hold Marco liable under § 5 of the FTC Act.[6]

There is no doubt that there are genuine issues of fact regarding Marco's intent and good faith. However, having established the three elements of a § 5 violation, the FTC need not prove any intent to deceive, and good faith on the part of Marco does not provide a defense. Patriot, 798 F. Supp. at 855; FTC v. Verity Int'l, Ltd., 443 F.3d 48, 63 (2d Cir. 2006); FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1029 (7th Cir. 1988).

Thus, while Marco's intent and the extent and nature of his actions will be relevant to the ultimate disposition of the case, the Court concludes that a reasonable fact-finder necessarily would find that he has violated § 5 of the FTC Act.

---

[6] The Court's conclusion that Marco violated FTC Act § 5 by his own actions renders it unnecessary to address, in the instant context, the FTC's vicarious liability theories.

C.  Remedy

Courts have broad authority to issue a permanent injunction and ancillary relief for the violation of any law enforced by the FTC. FTC v. Amy Travel Serv., Inc., 875 F.2d 564, 571-72 (7th Cir. 1989); FTC v. Ameridebt, Inc., 373 F. Supp. 2d 558, 562-63 (D. Md. 2005). Permanent injunctive relief is appropriate when there is "some cognizable danger of recurring violation." FTC v. Ross, 897 F. Supp. 2d 369, 387 (D. Md. 2012) (citing FTC v. Med. Billers Network, Inc., 543 F. Supp. 2d 283, 323 (S.D.N.Y. 2008)(internal quotations omitted)).

Some factors to consider include: (1) defendant's scienter; (2) whether the conduct was isolated or recurrent; (3) whether defendant is positioned to commit future violations; (4) degree of consumer harm; (5) defendant's recognition of culpability; and (6) sincerity of defendant's assurances against future violations. Id. The injunction must not unduly harm the defendant but simply ensure that the violations do not continue. Id. However, "the egregious nature of past violations is a factor supporting the need for permanent injunctive relief of a broad nature." Id.

The FTC contends that Marco may be held liable for injunctive relief under the FTC Act for Loma's deceptive acts or practices if the FTC establishes either that Marco participated

10

directly in the deceptive acts or had the authority to control them. Questions regarding Marco's intent, knowledge, and extent of involvement with Loma are outstanding. Marco argues that his lack of involvement with Loma since 2006 shows that there is no cognizable risk that would justify an injunction under 15 U.S.C. § 53(b), and with no basis to award injunctive relief, there can be no ancillary relief in the form of monetary damages.

Accordingly, there are genuine issues of material fact presented in regard to the remedial aspect of the case with regard to Marco that prevent summary judgment for either side.

III. CONCLUSION

For the foregoing reasons:

1. Defendant Marco V. Alban's Motion for Summary Judgment [Document 125] is DENIED.

2. Plaintiff Federal Trade Commission's Cross-Motion for Summary Judgment Against Defendant Marco V. Alban [Document 159] is DENIED.

3. Plaintiff shall arrange a telephone conference to be held by June 21, 2013 to schedule further proceedings herein.

SO ORDERED on Wednesday, June 5, 2013.

/s/
Marvin J. Garbis
United States District Judge