```
            THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

FEDERAL TRADE COMMISSION            *

            Plaintiff               *

        vs.                         *    CIVIL ACTION NO. MJG-11-1483

MANUEL AND LOLA ALBAN               *
            et al.
                                    *
            Defendants
*       *       *       *       *       *       *       *       *

## AMENDED[1] MEMORANDUM AND ORDER RE: ASSET FREEZE

The Court has before it Defendants' letters and proposed orders [Documents 207 and 210] requesting the Court to clarify that the asset freeze[2] is no longer in effect, and response [Document 208] from the Federal Trade Commission ("FTC") asking the Court to exercise its equitable authority to continue the asset freeze.

The Court initially granted Plaintiff's <u>Ex Parte</u> Application for Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Monitor, Immediate Access to Business Premises, Limited Expedited Discovery, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue [Document 13] ("TRO"). The Stipulated Order of Preliminary Injunction and

---

[1] Correcting account number per counsel's request in letter to the Court dated April 25, 2014 [Document 213].
[2] <u>See</u> Stipulated Order of Preliminary Injunction and Other Equitable Relief [Document 48] 7-10.

Other Equitable Relief [Document 48] ("Preliminary Injunction") superseded the TRO, and it was clearly issued to provide "preliminary" relief to preserve the status quo during the pendency of the lawsuit.

On March 24, 2014, after a full trial on the merits, the Court issued the Permanent Injunction [Document 206], which superseded the Preliminary Injunction.  In addition to a monetary judgment, the Permanent Injunction incorporates recordkeeping obligations and compliance reporting, but it does not incorporate an asset freeze.  The Court has ordered an initial payment of $75,000.00.  There is the possibility that further payments could be required.

The FTC raises a concern that, absent the asset freeze, the Defendants could dissipate their assets and evade compliance with further payment orders. While this is theoretically possible, the Court finds that the Albans are not likely to take such steps. The Albans state that the asset freeze sought by the FTC would cause them a hardship since they need the funds in question for ordinary living expenses.  Both sides have a point.  However, without any hardship being imposed on the Albans, the FTC can be provided with adequate security.  This can be done by requiring the Albans to seek leave of Court before selling or encumbering their residence, an asset with a value well in

excess of $400,000.  See Hr'g Tr., Aug. 9, 2013 at 9, 63-64, and Document 198-2.

Accordingly:

1. Sun Trust Investment Services shall sell sufficient shares in Manuel Alban's individual retirement account (account number ending in XXX-XX7813)to generate the sum of $75,000.00, which sum shall be sent via a check made payable to "Kramon & Graham, P.A." to John A. Bourgeois, Kramon & Graham, P.A., One South Street, Suite 2600, Baltimore, Maryland 21202.

2. Kramon & Graham, P.A. shall deposit the $75,000.00 from Sun Trust Investment Services into its attorney trust account, and when those funds clear, remit $75,000.00 to the Federal Trade Commission in satisfaction of the payment obligation set forth in Section III.A of the Permanent Injunction [Document 206] entered in this Matter on March 24, 2014.

3. The following Orders entered in this Matter have been and are superseded by the Permanent Injunction [Document 206] entered in this Matter on March 24, 2014 and are of no continuing force or effect:

    a. Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of A Temporary Monitor, Immediate Access to Business Premises, And Limited Expedited Discovery, And an Order to Show Cause Why A Preliminary Injunction Should Not Issue [Document 13]; and

    b. Stipulated Order of Preliminary Injunction and Other Equitable Relief [Document 48].

4. The Asset Freeze provided for in the aforementioned Orders [Documents 13 and 48] is hereby LIFTED.

5. Except as may be permitted by further Order, Defendants shall not sell or encumber in any manner the property owned by Mr. and Mrs. Alban at 2711 Wesleyan Drive, Churchville, Maryland 21208-1208.

6. This Order shall be effective on May 5, 2014.[3]

SO ORDERED, on <u>Friday, April 25, 2014</u>.

/s/
Marvin J. Garbis
United States District Judge

---

[3] The deferred effective date is included to enable any party wishing to do so, to seek relief from the United States Court of Appeals for the Fourth Circuit prior to the effective date.